IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

SOUTH BRUNSWICK WATER & SEWER AUTHORITY,

    Debtor.

Case No. 04-09053-8-JRL
Chapter 9

---

MALCOLM GRISSETT, BOBBIE DILLARD, MOSES E. STANLEY, SAM SOMMERSETT AND B & M PROPERTIES OF THE CAROLINAS, LLC, on behalf of themselves, and all others similarly situated,

    Plaintiffs

v.

Adversary Proceeding No. 06-00014-8-AP

SOUTH BRUNSWICK WATER AND SEWER AUTHORITY, a North Carolina water and sewer authority, and JOSEPH A. TOMBRO, in his official capacity as Executive Director of SOUTH BRUNSWICK WATER AND SEWER AUTHORITY, RUSSELL B. PRICE, in his capacity as Chairman of SOUTH BRUNSWICK WATER AND SEWER AUTHORITY, GEORGE W. KNOTT, in his official capacity as Vice Chairman and Chairman of SOUTH BRUNSWICK WATER AND SEWER AUTHORITY, DONALD F. LOWRY, in his official capacity as Secretary/Treasurer of SOUTH BRUNSWICK WATER AND SEWER AUTHORITY, JENNINGS D. EDGE, in his official capacity as Director and Finance Officer of SOUTH BRUNSWICK WATER AND SEWER AUTHORITY, BARRY BELFORD, in his official capacity as

**Director and Vice Chairman of SOUTH BRUNSWICK WATER AND SEWER AUTHORITY, and BOB CHAPMAN and W ROBERT ELKER in their official capacity as Directors of SOUTH BRUNSWICK WATER AND SEWER AUTHORITY,**

      **Defendants.**

## ORDER

This case is before the court on the applicability of Rule 23 of the Federal Rules of Civil Procedure, certification of the class, preliminary approval of the proposed settlement, and approval of the notification to the class. On January 11, 2005, the court conducted a hearing on this matter in Wilson, North Carolina.

While the subject lawsuit remained pending in the Superior Court of Brunswick County, the Landowners/Taxpayers moved this court to invoke Bankruptcy Rule 7023 by way of Bankruptcy Rule 9014(c). However, on January 18, 2006, the plaintiffs and defendants removed the action from Brunswick County to this court where it is now pending as an adversary proceeding. It is clear that Rule 23 of the Federal Rules of Civil Procedure applies in adversary proceedings and is applicable to the case at bar. Fed. R. Bankr. P. 7023.

The plaintiffs seek certification of the class for purposes of settling this case with the debtor. The Supreme Court has stated that settlement is relevant to certification and that "proposed settlement classes sometimes warrant more, not less, caution on the question of certification." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997). To certify a class, the class action must satisfy the four threshold requirements of Rule 23(a), including numerosity, typicality, commonality, and adequacy of representation. Gariety v. Grant Thornton, 368 F.3d 356, 362 (4th Cir. 2004). The last three factors of Rule 23(a) tend

2

to merge. Id. The court finds that the threshold requirements are satisfied. The class numbers more than 5,000 members, the claims of the named plaintiffs are identical to those of the remainder of the class, and class counsel is able and experienced.

In addition to satisfying the initial Rule 23(a) prerequisites, plaintiffs seeking certification of a class must satisfy one of the three categories set forth under Rule 23(b). Id. The plaintiffs seek certification under Rule 23(b)(1). Specifically, Rule 23(b)(1)(A) covers cases where separate actions of individual class members "would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). In Amchem, the Supreme Court clarified that "Rule 23(b)(1)(A) 'takes in cases where the party is obliged by law to treat the members of the class alike (a utility acting toward customers; a government imposing a tax), or where the party must treat all alike as a matter of practical necessity (a riparian owner using water as against downriver owners).'" Amchem, 521 U.S. at 614 (quoting Benjamin Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (I)*, 81 Harv. L. Rev. 356, 388 (1967)). The case at bar involves individuals or entities that were subjected to levies, fees and/or assessments of the South Brunswick Water and Sewer Authority or that owned real property within the South Brunswick Water and Sewer Authority District from 1995 through 2003. This lawsuit falls directly within the Supreme Court's example of the type of case contemplated under Rule 23(b)(1)(A), as it involves a public utility's treatment of customers within its district. The court finds that the class meets the requirement of Rule 23(b)(1)(A) and hereby certifies the class as defined in Paragraph 41 of the complaint.

Next, the court must consider the preliminary approval of the proposed settlement of the class action lawsuit, pursuant to Rule 23(e). In re Jiffy Lube Securities Litigation, 927 F.2d 155 (4th Cir. 1991);

Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 855 F.Supp. 825 (E.D.N.C. 1994); In re Mid-Atlantic Toyota Antitrust Litigation, 564 F.Supp. 1379 (D. Md. 1983). At this phase, the court must determine whether the proposed settlement is "within the range of possible approval or, in other words, whether there is probable cause to notify the class of the proposed settlement." Horton, 855 F.Supp. at 827. The court, after reviewing the proposed terms of the settlement, finds that the settlement is within the range of possible approval. The court directs notice to be given to class members of a formal fairness hearing. *See* Horton, 855 F.Supp. at. 828.

When a class is certified under Rule 23(b)(1), "the court may direct appropriate notice to the class." Rule 7023(c)(2)(A). At the hearing, the plaintiffs' counsel asserted that the proposed notice should be advertised in The Brunswick Beacon, a weekly newspaper with a large circulation in Brunswick County. The court finds that the proposed notice is adequate, but it should be modified to reflect that the fairness hearing will take place on March 15, 2006 at 2 p.m. at the federal courthouse in Wilmington, North Carolina.

**So Ordered.**

**Dated:  January 23, 2006**

J. Rich Leonard
United States Bankruptcy Judge