SO ORDERED.

SIGNED this 10 day of May, 2006.

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

SOUTH BRUNSWICK WATER & SEWER AUTHORITY,

    Debtor.

Case No. 04-09053-8-JRL
Chapter 9

_____

MALCOLM GRISSETT, BOBBIE
DILLARD, MOSES E. STANLEY, SAM
SOMMERSETT AND B & M PROPERTIES
OF THE CAROLINAS, LLC, on behalf of
themselves, and all others similarly situated,

    Plaintiff(s)

v.

Adversary Proceeding No.
06-00014-8-AP

SOUTH BRUNSWICK WATER AND
SEWER AUTHORITY, a North Carolina
water and sewer authority, and JOSEPH A.
TOMBRO, in his official capacity as
Executive Director of SOUTH BRUNSWICK
WATER AND SEWER AUTHORITY,
RUSSELL B. PRICE, in his capacity as
Chairman of SOUTH BRUNSWICK WATER
AND SEWER AUTHORITY, GEORGE W.
KNOTT, in his official capacity as Vice

**Chairman and Chairman of SOUTH BRUNSWICK WATER AND SEWER AUTHORITY, DONALD F. LOWRY, in his official capacity as Secretary/Treasurer of SOUTH BRUNSWICK WATER AND SEWER AUTHORITY, JENNINGS D. EDGE, in his official capacity as Director and Finance Officer of SOUTH BRUNSWICK WATER AND SEWER AUTHORITY, BARRY BELFORD, in his official capacity as Director and Vice Chairman of SOUTH BRUNSWICK WATER AND SEWER AUTHORITY, and BOB CHAPMAN and ROBERT WELKER in their official capacity as Directors of SOUTH BRUNSWICK WATER AND SEWER AUTHORITY,**

       **Defendant(s).**

___

## ORDER

This case is before the court on the Application of Class Counsel for Award of Attorneys' Fees and Expenses filed May 3, 2006.

In seeking an award of attorneys' fees, class counsel must adhere to the requirements of Rule 23(h) of the Federal Rules of Civil Procedure. Rule 23(h)(1) requires that notice of the motion "be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." FED. R. CIV. P. 23(h)(1). The Advisory Committee's Note to Rule 23(h) clarifies, in pertinent part, that the notice requirement for class counsel's fee motion is equivalent to the notice requirement for the class action settlement under Rule 23(e):

> When a settlement is proposed for Rule 23(e) approval, either after certification or with a request for certification, notice to class members about class counsel's fee motion would ordinarily accompany the notice to the class about the settlement proposal itself.

> . . . .
> Besides service of the motion on all parties, notice of class counsel's motion for attorney fees must be "directed to the class in a reasonable manner." Because members of the class have an interest in the arrangements for payment of class counsel whether that payment comes from the class fund or is made directly by another party, notice is required in all instances. In cases in which settlement approval is contemplated under Rule 23(e), notice of class counsel's fee motion should be combined with notice of the proposed settlement, and the provision regarding notice to the class is parallel to the requirements for notice under Rule 23(e).

FED. R. CIV. P. 23(h) advisory committee's note. On January 23, 2006, the court approved a notice to the public regarding the proposed settlement. On February 8, 2006, the plaintiffs posted the notice along with a copy of the settlement agreement at the Brunswick County Courthouse. On February 9, 2006, the plaintiffs also published the notice in *The Brunswick Beacon*, a weekly newspaper with a high circulation in Brunswick County. The notice listed the attorneys representing class members and stated: "You will not be charged for these lawyers." The notice further stated: "The Cash Settlement Fund and any recovery from the adversarial proceeding will be distributed, after payment of attorney fees and expenses, on a pro-rata basis to those Class Members who have made payments for storm water fees during the period of 1995 to 2003." Neither the notice nor the settlement agreement specified the amount of attorneys' fees sought or the basis for those fees.

Rule 23(h) is a fairly new provision adopted in 2003. As one court noted, what constitutes notice "in a reasonable manner" remains an open question. Cobell v. Norton, 407 F.Supp.2d 140, 147 (D.D.C. 2005). The Cobell court recognized that it had "considerable latitude to determine whether plaintiffs' notice provide[d] the class with sufficient information to question objectionable fee requests and to scrutinize any potential conflicts of interest that arise from certain payment scenarios." Id. The court finds that, in the case at bar, what was contained in the notice of settlement and posted settlement agreement was insufficient to

3

constitute notice to class members of class counsel's fee application.

As stated in the advisory committee note, notice of the class action fee application should ordinarily accompany notice of the settlement. FED. R. CIV. P. 23(h) advisory committee's note. However, at least one court has concluded that the timing of such notice is not mandatory, and class counsel is not precluded from providing the notice at a later date. Lucero ex rel. Lucero v. Detroit Public School, No 01-CV-72792-DT, 2005 WL 1983178 *4 (E.D. Mich. 2005).

The court directs class counsel to promptly notice in *The Brunswick Beacon* that the court approved the class action settlement and that class counsel is now applying for fees and expenses. The notice should specify the amount of fees and expenses requested with a brief explanation for the basis of those fees. The notice should state that a copy of the fee application will be posted at the Brunswick County Courthouse, and that any objection to the fee application must be filed in this adversary proceeding by 5:00 p.m. on Monday, June 12, 2006. The notice should further state that, in the event objections are received, the court will conduct a hearing on Wednesday, June 14, 2006 at 2:00 p.m. at the courthouse located in the Alton Lennon Federal Building in Wilmington, North Carolina. The notice in *The Brunswick Beacon* should be run at least one time, and a copy of the notice and fee application should be made available at the Brunswick County Courthouse until the deadline for objections has passed.

"END OF DOCUMENT"